## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 16-cv-4225

| | |
|---|---|
| Scott Mehrwerth,<br><br>                     Plaintiff,<br>v.<br><br>AFS Check Systems, Inc. d/b/a Sheldon Law Office,<br><br>                     Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff, Scott Mehrwerth (hereinafter "Plaintiff"), is a natural person who resides in the City of St. Cloud, County of Stearns, State of Minnesota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant, AFS Check Systems, Inc. d/b/a Sheldon Law Office (hereinafter "Defendant"), is a debt collection agency incorporated under the laws of the State of Minnesota, is licensed to do business in the State of Minnesota, and has a principal place of business located at 606 25th Ave. S. #211, St. Cloud, Minnesota 56301. Defendant regularly engages in the collection of consumer debts in the District of Minnesota through the use of mailings and the telephone. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. At some point prior to November 10, 2016, Plaintiff allegedly incurred a consumer debt, as that term is defined at 15 U.S.C. § 1692a(5), with non-party Century Care. (hereinafter "Century Care").

7. At some point prior to November 10, 2016, Century Care engaged Defendant to act as its agent in collecting on Plaintiff's alleged debt obligation.

8. Sometime prior to November 10, 2016, Plaintiff received a telephone call from Defendant at his place of employment.

9. Plaintiff told Defendant's representative to cease contacting him at his place of employment.

10. Also, sometime prior to November 10, 2016, Plaintiff's mother received a debt collection phone call from Defendant, in violation of 15 U.S.C. §§ 1692c(b) and 1692d.

11. On or about November 10, 2016, Plaintiff received a very disturbing voice mail message on his cell phone from Defendant at phone number 320-259-1636.

12. The voicemail message left by Defendant stated in part:

    **"Scott – Just imagine the role model your being for your daughter right now skirted your responsibilities and past due bills. You do owe Century Care $613.90. If we do not receive a report that you have paid this bill or set up payments to pay this bill in the next month we will sue you. You can contact us back at 320-259-1636."**

13. Defendant's disturbing message was in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), and 1692f.

14. Also during said voicemail message, Defendant's representative failed to identify herself as a collection agent and failed to provide Plaintiff with the mandated mini-Miranda warning that her communication was an attempt collect a debt and any information obtained would be used for that purpose, in violation of 15 U.S.C. §§ 1692d(6) and 1692e(11).

15. Defendant's agent's threats scared and upset Plaintiff causing him anxiety, emotional distress and mental anguish.

16. As of the date of the filing of this complaint Defendant has not, upon information and belief, caused to be sued Plaintiff.

17. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for his actual damages, statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1692k.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered and is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II.

### INVASION OF PRIVACY

21. Plaintiff incorporates by reference all foregoing paragraphs as though fully stated herein.

22. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff when it continued to communicate with him concerning a debt in a threatening and invasive manner.

23. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns or affairs.

24. The intrusions by Defendant occurred in ways that were highly offensive and would be highly offensive to a reasonable person.

25. As a result of Defendant's conduct, Plaintiff suffered emotional distress and out-of-pocket expenses in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

a) That an order be entered declaring that Defendant's actions as described above are in violation of the FDCPA;
b) That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);
c) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
d) That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
e) An award for actual and compensatory damages for invasion of privacy against Defendant in an amount to be determined at trial; and
f) That the Court grants such other and further relief as may be just and proper.

Dated this 16th day of December 2016.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommycjc@aol.com

5

tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
) ss
COUNTY OF Stearns )

Scott Mehrwerth, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                      s/Scott Mehrwerth
                                                    Scott Mehrwerth

Subscribed and sworn to before me
this 15 day of December, 2016.


s/Paul S. Nierenhausen
Notary Public