UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Scott Mehrwerth,

    Plaintiff,

v.

AFS Check Systems, Inc. d/b/a Sheldon Law Office, and Langner Law Office, LLC,
    Defendant.

Court File No. **0:16-cv-04225-JRT-LIB**

ANSWER OF DEFENDANT
LANGNER LAW OFFICE, LLC

---

  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant, Langner Law Office, LLC. (hereinafter "LLO"), submits this Answer to Plaintiff's Complaint and Affirmative Defenses. Defendant denies each and every allegation in the Complaint unless otherwise set forth in this Answer.

  1. In response to Paragraph 1 of Plaintiff's Complaint, LLO admits that Plaintiff's Complaint alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA) and Minnesota common law, but denies that it is liable to Plaintiff for committing any tort or violating any law, including, but not limited to, the FDCPA or common law.

  2. Insofar as Paragraph 2 of Plaintiff's Complaint calls for a legal conclusion, no answer is required.

  3. Insofar as Paragraph 3 of Plaintiff's Complaint calls for a legal conclusion, no answer is required. To the extent an answer is required, LLO will not contest venue for purposes of this action only. LLO admits that it conducts business in this District. LLO is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

1

4. In response to Paragraph 4 of Plaintiff's Complaint, LLO is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies these allegations.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendants AFS and Sheldon Law Office were dismissed from the action with prejudice pursuant to an Order from this Court dated April 27, 2017.

6. In response to Paragraph 6 of Plaintiff's Complaint, LLO admits that it was formed under the laws of the State of Minnesota, admits that its principal place of business is located at 606 25th Avenue South, Suite 211, St. Cloud, Minnesota 56301. LLO admits that it engages in the collection of consumer debts, that it attempts to collect consumer debts alleged to be due, and that it is a debt collector as that term is defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(6).

7. In response to Paragraph 7 of Plaintiff's Complaint, LLO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. In response to Paragraph 8 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. In response to Paragraph 9 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. In response to Paragraph 10 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. In response to Paragraph 12 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, LLO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Complaint as it relates to the content of the voice message. LLO denies the allegations set for in paragraph 13 alleging that it left the alleged voicemail.

14. In response to Paragraph 14 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. In response to Paragraph 15 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. In response to Paragraph 16 of Plaintiff's Complaint, LLO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. In response to Paragraph 17 of Plaintiff's Complaint, LLO admits the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. In response to Paragraph 18 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. In response to Paragraph 19 of Plaintiff's Complaint, LLO admits that Plaintiff demand a jury trial. LLO denies the remaining allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. In response to Paragraph 20 of Plaintiff's Complaint, LLO restates and realleges Paragraphs 1-19 of this Answer as though set forth fully herein.

21. In response to Paragraph 21 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. In response to Paragraph 22 of Plaintiff's Complaint, LLO restates and realleges Paragraphs 1-21 of this Answer as though set forth fully herein.

23. In response to Paragraph 23 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. In response to Paragraph 24 of Plaintiff's Complaint, LLO is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. In response to Paragraph 25 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. In response to Paragraph 26 of Plaintiff's Complaint, LLO denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant alleges that the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which such claims contained in the Complaint may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined at this time, and Defendant reserves its right to allege such affirmative defenses as established by the facts of this case at an appropriate time.

## PRAYER FOR RELIEF

WHEREFORE, Defendant LLO prays for an order and judgment as follows:

(1) Dismissing Plaintiff's Complaint with Prejudice;

(2) Awarding Defendant LLO, its costs, disbursements and attorney's fees incurred herein; and

(3) Awarding such other and further relief as this Court seems just and proper.

Dated: May 12, 2017

LANGNER LAW OFFICE, LLC

Tammy J. Langner, Attorney Reg. # 0394966
Attorney for Langner Law Office, LLC
P.O. Box 7556
St. Cloud, MN 56302
Phone: (320) 774-1520
Fax: (320) 259-1636
tammy@langnerlawoffice.com